# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**RICHARD HEATH,**
**Claimant Below, Petitioner**

**FILED**
**November 1, 2023**

EDYTHE NASH GAISER, CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**vs.) No. 23-ICA-334**        (JCN: 2016011244)

**ALLIANCE COAL, LLC,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Richard Heath appeals the June 29, 2023, order of the Workers' Compensation Board of Review ("Board"). Respondent Alliance Coal, LLC ("Alliance") filed a timely response.[1] Mr. Heath filed a reply. The issue on appeal is whether the Board erred in affirming the claim administrator's order which closed the claim for rehabilitation benefits.[2]

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the Board's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Heath was employed as a coal miner for Alliance when, in October of 2015, he sustained an injury to his left leg and ankle after he was pinned between a rail car and a mine wall. Mr. Heath presented to the emergency room and was diagnosed with a left ankle fracture, for which he later underwent surgeries. Over the next two years, the claim administrator held the claim compensable for fracture of the lower end of the left tibia, displaced pilon fracture of the left tibia, posttraumatic osteoarthritis of the left ankle, tarsal tunnel syndrome of the lower left limb, and chronic regional pain syndrome.

In December of 2016, Mr. Heath was found to have reached maximum medical improvement ("MMI"). As a result, the claim administrator closed the claim for temporary

---

[1] Mr. Heath is represented by M. Jane Glauser, Esq. Alliance is represented by James W. Heslep, Esq.

[2] The Board's order also addressed two other claim administrator's orders. However, those other orders are not the subject of Mr. Heath's appeal.

1

total disability ("TTD") benefits. Following resolution of the litigation arising from that order, the claim administrator determined that Mr. Heath was eligible for vocational rehabilitation services. On November 8, 2018, Mr. Heath and Erin Saniga, a rehabilitation counselor, developed and signed a vocational rehabilitation agreement wherein Mr. Heath agreed to cooperate in the development of a rehabilitation plan and to participate in any recommended services. However, Mr. Heath subsequently underwent a trial placement of a spinal cord stimulator, which eventually resulted in a permanent placement of the stimulator. Ms. Saniga authored a progress report in April of 2019, stating that vocational rehabilitation services were on hold until the completion of Mr. Heath's procedures related to the spinal cord stimulator.

Mr. Heath underwent a functional capacity evaluation ("FCE") in September of 2019, which indicated that he could return to work at a light physical demand level with minimal carrying, pushing, and pulling; no lifting over twenty pounds; and no squatting. On October 23, 2019, Mr. Heath signed another vocational rehabilitation plan with Ms. Saniga. As part of the plan, Mr. Heath and Ms. Saniga would work on researching the local job market, preparing a resume, and initiating a job search. Temporary total rehabilitation ("TTR") benefits were to be paid from October 23, 2019, through November 13, 2019.

Per a progress report from November of 2019, the rehabilitation plan progressed to the job search phase. TTR benefits were paid from November 14, 2019, through February 19, 2020. Throughout that time period, Ms. Saniga noted a few occurrences of Mr. Heath applying for positions that exceeded his capabilities per the FCE. On February 28, 2020, the claim administrator closed the claim for TTR benefits, stating that the vocational rehabilitation plan had expired. Mr. Heath protested the order to the Office of Judges ("OOJ"). Subsequently, in March of 2020, Ms. Saniga completed a progress report, wherein she indicated that Mr. Heath's vocational rehabilitation plan had expired on February 19, 2020, and that an extension of TTR benefits had not been requested. She noted that, nevertheless, the case remained open because Mr. Heath was interviewing for positions that he had applied to while under the vocational rehabilitation plan.

By order dated January 13, 2021, the OOJ reversed the claim administrator's order, which closed the claim for TTR benefits, and ordered that Mr. Heath's vocational rehabilitation services be reinstated. The OOJ reasoned that, per West Virginia Code of State Rules § 85-15-6, a rehabilitation plan may be terminated upon a showing of good cause. However, neither Ms. Saniga nor the claim administrator had provided any reason for terminating Mr. Heath's vocational rehabilitation plan. While Ms. Saniga had noted a few instances of Mr. Heath applying for positions beyond his capabilities, the OOJ found that he was overall compliant with the plan. As such, the OOJ found that there was no evidence of good cause sufficient to terminate Mr. Heath's vocational rehabilitation plan. In addition to reinstating Mr. Heath's services, the OOJ also ordered that his TTR benefits be reinstated from the date of last payment and continuing thereafter until such time as good cause existed to terminate the benefits.

On January 22, 2021, the claim administrator acknowledged receipt of the OOJ's order and reinstated Mr. Heath's TTR benefits. Subsequently, on February 1, 2021, Mr. Heath and Ms. Saniga developed a rehabilitation plan that stated that TTR benefits would be paid from February 8, 2021, through March 8, 2021, while Mr. Heath participated in vocational job placement. On February 16, 2021, Ms. Saniga and Mr. Heath revised the rehabilitation plan to state that Mr. Heath would be paid TTR benefits from February 16, 2021, through March 16, 2021, while participating in vocational job placement. The claim administrator issued orders detailing the issuance of TTR benefits in accordance with the rehabilitation plans, and Mr. Heath protested these orders. In the meantime, by order dated June 22, 2021, the Board affirmed the OOJ's January 13, 2021, order, which had reinstated Mr. Heath's rehabilitation services and TTR benefits.

On August 10, 2021, the claim administrator issued a notice acknowledging Mr. Heath's request to move to "Step 7" for a retraining program which would be reviewed by a vocational specialist.[3] It appears as though the claim administrator did not have time to issue a decision on this request before Mr. Heath requested that his TTR benefits be suspended effective September 29, 2021. The claim administrator issued a notice dated October 8, 2021, suspending the benefits per Mr. Heath's request.

On January 21, 2022, Mr. Heath underwent a left ankle arthroscopy with extensive synovectomy and an exostectomy of the talus. On February 7, 2022, the claim administrator denied Mr. Heath's request for TTR benefits relating to his January 21, 2022, surgery finding that medical treatment is not an appropriate basis for an award of rehabilitation benefits. The claim administrator further noted that Mr. Heath had already received maximum allowed 104 weeks of TTD benefits. Mr. Heath protested the order to the Board.

---

[3] West Virginia Code of State Rules § 85-15-4 (2005) sets forth a "priorities" list for vendors of vocational rehabilitation services and qualified rehabilitation professionals that must be utilized in the following order:

1. Return to the same employer and pre-injury job;
2. Return to the same employer and pre-injury job with modification;
3. Return to the same employer in a different position;
4. Return to the same employer in a different position with on-the-job-training;
5. Employment by a new employer without retraining;
6. Employment by a new employer with on-the-job-training;
7. Return to work following enrollment of the injured worker in a retraining program which consists of a goal-oriented period of formal retraining designed to lead to suitable gainful employment in the labor market.

Ms. Saniga authored a Closure Report dated May 9, 2022. Ms. Saniga noted that, per Mr. Heath's counsel, he had been selected for FEMA's disaster housing inspector position with Vanguard—a position he applied for while participating in the rehabilitation plan. Ms. Saniga also noted that Mr. Heath was listed as an organizing member of a for-profit company as of December 6, 2021. Based on the report, the claim administrator closed Mr. Heath's claim for vocational rehabilitation benefits on May 13, 2022. Mr. Heath protested the order to the Board.

By order dated July 13, 2022, the Board addressed Mr. Heath's protests of the claim administrator's orders which had granted him TTR benefits from February 8, 2021, through March 8, 2021, and from February 16, 2021, through March 16, 2021, respectively. The Board noted that the claim administrator had previously improperly closed the claim for TTR benefits on February 28, 2020, and that the OOJ had subsequently reinstated those benefits and ordered that they be paid from the date of the last payment (February 19, 2020) and to continue until good cause to terminate had been established. However, the claim administrator's subsequent orders restarted the payments on February 8, 2021, leaving a large gap that was not addressed. The Board found that there was no evidence that good cause existed to terminate the payments during that gap and, therefore, Mr. Heath was entitled to benefits from February 19, 2020, to March 16, 2021, less any TTR benefits he had been paid during that time.

Thereafter, on August 18, 2022, the claim administrator acknowledged receipt of the Board's order granting Mr. Heath TTR benefits from February 19, 2020, to March 16, 2021, less any TTR benefits he had been paid during that time.[4] The claim administrator noted that Mr. Heath had previously received TTR benefits from October 23, 2019, through February 18, 2020 (17 weeks) and from February 16, 2021, through September 28, 2021 (32 weeks). The claim administrator stated that Mr. Heath had received a total of 49 weeks of TTR benefits and that, pursuant to West Virginia Code § 23-4-9(d) (2005),[5] his receipt

---

[4] The claim administrator's order mistakenly states that it was in receipt of the OOJ's order dated July 13, 2022. The record demonstrates that this order was issued by the Board, not the OOJ.

[5] West Virginia Code § 23-4-9(d), in part, provides:

> the aggregate award of temporary total rehabilitation or temporary partial rehabilitation benefits for a single injury for which an award of temporary total rehabilitation or temporary partial rehabilitation benefits is made . . . shall be for a period not exceeding fifty-two weeks unless the payment of temporary total rehabilitation disability benefits is in conjunction with an *approved vocational rehabilitation plan for retraining*, in which event the payment period of temporary total rehabilitation disability benefits may be
>
> (continued . . .)

of TTR benefits could not exceed 52 weeks. As such, the claim administrator instructed Mr. Heath that he was entitled to an additional three weeks of TTR benefits. Mr. Heath protested the claim administrator's order.

On October 4, 2022, Mr. Heath testified via deposition that Alliance had not offered him a job since the compensable injury despite the fact that they had available job openings. Mr. Heath stated that he spoke with Ms. Saniga numerous times about those positions. Mr. Heath further testified that he qualified to be a FEMA inspector but was unable to perform the inspections due to his injury. Mr. Heath also stated that his wife owned a pizzeria business and that he worked there around eight hours a week but was not compensated.

By order dated June 29, 2023, the Board addressed three separate claim administrator's orders. First, the Board affirmed the claim administrator's February 7, 2022, order which denied TTR benefits upon finding that medical treatment was not an appropriate basis for an award of TTR benefits. The Board found that Mr. Heath was not eligible for rehabilitation benefits while recovering from surgery and not participating in a rehabilitation plan.

Second, and most relevant to this appeal, the Board affirmed the claim administrator's May 13, 2022, order, which closed the claim for vocational rehabilitation benefits based on Ms. Saniga's closure report. The Board found that the evidence indicated that Mr. Heath had been selected for a FEMA disaster housing inspector and that he was listed as an organizing member of a for-profit company as of December of 2021. The Board found that, as such, the closure was appropriate.

Lastly, the Board reversed the claim administrator's August 18, 2022, order which granted Mr. Heath an additional 3 weeks of TTR benefits and found that Mr. Heath was entitled to a maximum of 104 weeks of TTR benefits. The Board noted that the claim administrator's order failed to address the payment of benefits during the period between February 19, 2020, and February 15, 2021. The Board cited West Virginia Code § 23-4-

---

extended for a period not to exceed a total of one hundred four weeks. . . . Temporary partial rehabilitation benefits shall only be payable when the injured employee is receiving vocational rehabilitation services in accordance with a rehabilitation plan developed under this section and no payment of temporary partial rehabilitation benefits shall be made after the claimant has received the vocational training provided under the rehabilitation plan.

(Emphasis added).

5

9(d) and found that, pursuant to that statute, Mr. Heath was entitled to a maximum of 104 weeks, not 52 weeks as stated in the claim administrator's order.[6] Mr. Heath now appeals.

Our standard of review is set forth in West Virginia Code § 23-5-12a(b) (2022), in part, as follows:

> The Intermediate Court of Appeals may affirm the order or decision of the Workers' Compensation Board of Review or remand the case for further proceedings. It shall reverse, vacate, or modify the order or decision of the Workers' Compensation Board of Review, if the substantial rights of the petitioner or petitioners have been prejudiced because the Board of Review's findings are:
> (1) In violation of statutory provisions;
> (2) In excess of the statutory authority or jurisdiction of the Board of Review;
> (3) Made upon unlawful procedures;
> (4) Affected by other error of law;
> (5) Clearly wrong in view of the reliable, probative, and substantial evidence on the whole record; or
> (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

*Duff v. Kanawha Cnty. Comm'n*, 247 W. Va. 550, 555, 882 S.E.2d 916, 921 (Ct. App. 2022).

On appeal, Mr. Heath argues that the portion of the Board's order affirming the May 13, 2022, claim administrator's order, which closed the claim for rehabilitation benefits, is clearly wrong. According to Mr. Heath, he should have been evaluated for and granted temporary partial rehabilitation ("TPR") benefits pursuant to West Virginia Code § 23-4-9(d), which provides for TPR benefits when a claimant returns to employment making less wages than what he or she was earning prior to the work-related injury. Mr. Heath argues that, though he was employed by FEMA and listed as the organizing member of a for-profit company, he was not gainfully employed as contemplated under the statute and was making less than what he earned prior to his injury. Mr. Heath seems to argue that Alliance or the claim administrator should have provided a mandatory evaluation of his employment with FEMA and his for-profit company to determine his eligibility for TPR benefits and that they failed to do so. He argues that, alternatively, the claim administrator should have progressed him to Step 7 pursuant to West Virginia Code of State Rules § 85-15-4.

We disagree and find that Mr. Heath is entitled to no relief. Pursuant to West Virginia Code § 23-4-9(d), "the aggregate award of temporary total rehabilitation or

---

[6] Alliance appeals the Board's order in Case Number 23-ICA-339 and argues that the Board erred in granting Mr. Heath a total of 104 weeks of TTR benefits.

temporary partial rehabilitation benefits for a single injury for which an award of temporary total rehabilitation or temporary partial rehabilitation benefits is made . . . shall be for a period not exceeding fifty-two weeks." An additional 52 weeks of TTR benefits is available when a claimant is participating in an approved vocational rehabilitation plan for retraining. The additional 52 weeks are only available in the form of TTR benefits, not TPR benefits.

Here, the record is clear that Mr. Heath has already been granted 52 weeks of TTR benefits related to this injury. Accordingly, he has met the statutory maximum aggregate benefits allowed for either type of rehabilitation benefits and, therefore, would not be entitled to any TPR benefits. Because the record is clear that Mr. Heath is not entitled to any TPR benefits under the statute, we need not address any alleged error regarding an evaluation for TPR benefits. Lastly, to the extent that Mr. Heath argues that the claim administrator should have progressed him further along in the rehabilitation plan, we note that Mr. Heath requested to be moved to Step 7, but rescinded his request for rehabilitation benefits before the claim administrator could issue an order regarding his request. As such, we find no error in that regard.

Based on the foregoing, we affirm the Board's June 29, 2023, order closing the claim for rehabilitation benefits as Mr. Heath has failed to demonstrate his entitlement to TPR benefits.[7]

Affirmed.

**ISSUED:** November 1, 2023

**CONCURRED IN BY:**

Chief Judge Daniel W. Greear
Judge Charles O. Lorensen


Judge Thomas E. Scarr, not participating

---

[7] Mr. Heath also filed an accompanying motion for remand with his brief on appeal. Given our holding, we refuse the motion.